# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# WESTERN DIVISION

| | |
|---|---|
| DEBRA HILL, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | 7:19-cv-02044-LSC |
| CAG2 OF TUSCALOOSA, ) | |
| LLC D/B/A CARLOCK CDJR ) | |
| OF TUSCALOOSA, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OF OPINION

This case arises out of a lending dispute between Plaintiffs Debra Hill and Leon Gooden ("Plaintiffs") and Defendant CAG2 of Tuscaloosa, LLC d/b/a Carlock CDJR of Tuscaloosa ("Carlock"). Before the Court are the Plaintiffs' amended petition to confirm an arbitration award pursuant to Section 9 of the Federal Arbitration Act, 9 U.S.C. § 9 (2016) ("FAA") (doc. 2), Carlock's motion to vacate that same award under Section 10 of the FAA (doc. 11), and Plaintiffs' request to sanction Carlock for filing a groundless motion (doc. 13). The issues have been fully briefed by the parties and are ripe for review.[1] For the reasons stated below,

---

[1] Although afforded the opportunity to do so, Carlock did not file a reply brief or otherwise respond to Plaintiffs' request for sanctions.

Plaintiffs' requests to confirm the award and sanction Carlock are due to be granted, and Carlock's motion to vacate is due to be denied.

## I.    BACKGROUND

Plaintiffs purchased a 2018 Jeep Cherokee from Carlock.  Carlock attempted to obtain financing for Plaintiffs' purchase through two different third-party lenders.  After the first attempt to secure financing was unsuccessful, Carlock contacted Plaintiffs and told them there was an "error in the paperwork" and they needed to return to the dealership to resign the sales and financing documents.  Carlock told them if they did not, they would have to return the Jeep and would also forfeit their down payment and trade-in.  Based on Carlock's representations as to the down payment and trade-in, Plaintiffs signed, "under duress," a second set of sales and financing documents in which the financing APR and the cash price increased.  Carlock subsequently contacted Plaintiffs and told them once again that it "couldn't get them financed" and that they would not get their down payment or trade-in back.  Carlock then repossessed the Jeep from the Plaintiffs.

The parties signed a Retail Installment Sales Contract which contained an arbitration provision.  The arbitration provision states:

> Any claim or dispute, whether in contract, tort, statute or otherwise . . . , between you and us or our employees, agents, successors, or assigns, which arises out of or relates to your credit application, purchase or condition of this vehicle, this contract or any

> resulting transaction or relationship . . . shall, at your or our election, be resolved by neutral, binding arbitration and not by a court action.

(Doc. 2-2 at 3.) Thus, the arbitration provision vests the arbitrator with broad authority to decide all disputes. The parties agreed to utilize the American Arbitration Association ("AAA") for disputes. (*Id.*) Under the agreement, the arbitrator "shall apply governing substantive law and the applicable statute of limitations." (*Id.*)

On January 9, 2019, Plaintiffs filed their Demand for Arbitration against Carlock, alleging violations of the Truth in Lending Act, 15 U.S.C. § 1601 *et seq.* ("TILA"); wrongful repossession; conversion; violations of the Equal Credit Opportunity Act, 15 U.S.C. § 1691 *et seq.* ("ECOA"); breach of contract; negligence or wantonness; negligent hiring, supervision, and retention; and fraud, suppression, or misrepresentation. On November 14, 2019, a hearing was held before the Hon. R. Bernard Harwood, Jr. ("Arbitrator"). On November 27, 2019, the Arbitrator served a signed copy of the final arbitration award on the parties. The Arbitrator found that Carlock violated TILA and awarded Plaintiffs monetary relief as well as costs and attorney's fees pursuant to 15 U.S.C. § 1640(a)(3). The Arbitrator's total award against Carlock and in favor of Plaintiffs was $69,698.09, with $5,782.48 in monetary damages, $2,498.11 in costs, $500 in paralegal fees, and $60,917.50 in attorney fees.

On December 19, 2019, Plaintiffs filed an Amended Petition to Confirm Arbitration Award. (Doc. 2.) On February 10, 2020, Carlock filed a motion to vacate the arbitration award. (Doc. 11). Carlock's motion seeks relief from the arbitration award on the grounds that the award evinces a manifest disregard for the law.

## II. DISCUSSION

When reviewing the underlying arbitration decision, courts apply a standard that is "among the narrowest known to the law." *Union Pac. R. Co. v. Sheehan*, 439 U.S. 89, 91 (1978). So long as the arbitrator is "even arguably construing or applying the contract," the decision must be upheld even if the arbitrator offers a barely colorable justification for the outcome reached. *Johnson v. Directory Assistants Inc.*, 797 F.3d 1294, 1302 (11th Cir. 2015) (quoting *Oxford Health Plans LLC v. Sutter*, 569 U.S. 564, 569 (2013)).

The standard, while deferential, is not a rubber stamp. Review of arbitration awards is controlled by the FAA, which mandates that awards be confirmed unless the award falls under one of the "narrow grounds upon which an award can be vacated, modified, or corrected," listed in Sections 10 and 11 of the Act. 9 U.S.C. § 9. Section 11 allows for modification or correction of arbitration awards where there has been a miscalculation of figures or an award on a mater not submitted for arbitration. 9 U.S.C. § 11. Section 10 provides four circumstances where vacatur of

an arbitration award is appropriate: (1) where the award was "procured by corruption, fraud, or undue means;" (2) where there was evident partiality or corruption by the arbitrators; (3) where the award involved arbitrator "misbehavior by which the rights of any party have been prejudiced;" or (4) "where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter was not made." 9 U.S.C. § 10.

Carlock asserts that this Court should vacate the arbitration award because the award evinces a manifest disregard for the law in light of the Arbitrator's "unconscionable" and "excessive" award of attorney's fees. (Doc. 11 at 5.) Prior to 2010, the Eleventh Circuit recognized three non-statutory bases for vacatur of an arbitration award: "(1) if it is arbitrary and capricious, (2) if its enforcement is contrary to public policy, or (3) if it evinces a manifest disregard for the law." *Montes v. Shearson Lehman Bros., Inc.*, 128 F.3d 1456, 1458–62 (11th Cir. 1997). However, in 2010, the Eleventh Circuit held that "our judicially-created bases for vacatur are no longer valid in light of [the United States Supreme Court's decision in] *Hall Street*." *Frazier v. CitiFinancial Corp.*, LLC, 604 F.3d 1313 (11th Cir. 2010); *see also Hall St. Assocs., L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 584 (2008) (holding that § 10 and § 11 are the exclusive grounds for vacating or modifying an award under the FAA).

Thus, the statutory grounds in Section 10 and 11 are the only grounds for vacatur.  Carlock's primary argument for vacatur in its six-page motion is that the award evinces a "manifest disregard for the law."  While Carlock does cite to 9 U.S.C. § 10(a) in passing, it does not explain or cite any authority for the argument that the Arbitrator "exceeded [his] powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter was not made."  Upon this Court's independent review of the record, this Court concludes that the arbitration award does not fall into any of the categories listed in Section 10 or 11.  Nothing in the record suggests a miscalculation of figures, corruption or fraud, partiality, or misbehavior by the Arbitrator.  Moreover, although Carlock complains that the attorney fee award was grossly excessive, nothing in the record suggests to this Court that the Arbitrator exceeded his powers in formulating his award.  It appears to the Court that the Arbitrator based the fee award on itemized submissions from Plaintiffs' counsel and concluded that the fees sought were reasonable.  In fact, the Arbitrator stated: "I do not find the hourly rate unreasonable and I have closely compared the two timesheets and detect no unreasonable time allocations for the services described, or any unnecessary duplication or overlap between the time entries for the two attorneys."  (Doc. 2-5 at 4.)  The Arbitrator cannot be said to

have "exceeded [his] powers[] or so imperfectly executed them" in making this attorney's fee award.

Accordingly, Carlock's motion to vacate the arbitration award is due to be denied because the Eleventh Circuit does not recognize non-statutory grounds for vacating an arbitration award and because the award does not fall under one of the "narrow grounds upon which an award can be vacated, modified, or corrected." As a result, Plaintiffs' amended petition to confirm the arbitration award is also due to be granted.

Plaintiffs have also asked this Court to sanction Carlock for filing a groundless motion. In 2006, the Eleventh Circuit provided "notice and warning" that sanctions may result when losing parties assert unfounded challenges to arbitration awards. *See B.L. Harbert Int'l, LLC v. Hercules Steel Co.*, 441 F.3d 905, 913–14 (11th Cir. 2006), *abrogated on other grounds by Frazier*, 604 F.3d at 1321. In *Hercules Steel*, the Eleventh Circuit made clear that it was "exasperated by those who attempt to salvage arbitration losses through litigation that has no sound basis in the law applicable to arbitration awards" and that these sanctions are grounded in "the purposes of the FAA and to protect arbitration as a remedy." 441 F.3d at 914. The Eleventh Circuit has consistently held that these sanctions can be awarded in appropriate situations. *See United Steel, Paper & Forestry, Rubber, Mfg., Energy,*

*Allied Indus. & Serv. Workers Int'l Union AFL-CIO-CLC v. Wise Alloys, LLC*, 807 F.3d 1258, 1275 (11th Cir. 2015); *see also Inversiones y Procesadora Tropical INPROTSA, S.A. v. Del Monte Int'l GmbH*, 783 F. App'x 972, 974 (11th Cir. 2019) (affirming an award of sanctions following a motion to vacate an arbitration award which "attacked the award in court without any real legal basis for doing so"); *World Bus. Paradise, Inc. v. Suntrust Bank*, 403 F. App'x 468, 471 (11th Cir. 2010).[2]

Here, Carlock appears to be trying to salvage an arbitration loss "through litigation that has no sound basis in the law applicable to arbitration awards," given that Carlock based its motion on old case law that has been expressly overruled and made no meaningful attempt at explaining how Sections 10 or 11 might support its argument for vacatur. The case for sanctions is further strengthened when the Eleventh Circuit's decisions in *Hercules Steel* and *Suntrust Bank* are considered. In *Hercules Steel*, the court considered but ultimately declined to impose sanctions for the filing of a frivolous motion to vacate. 441 F.3d at 914. The court reasoned that the party contesting the award had cited some legal authority, albeit weak, for its position; the opposing party never requested sanctions; and the contesting party "did not have the benefit of the 'notice and warning' that this opinion provides."

---

[2] While unpublished decisions are certainly not binding, the Court cites them because it finds them persuasive.

*Id.* In *Suntrust Bank*, an unpublished decision, the court found that sanctions were appropriate because the contesting party had failed to cite any controlling authority to support their position, failed to file a reply brief, and had "notice and warning" from the *Hercules Steel* opinion. *Suntrust Bank*, 403 F. App'x at 471.

Here, the considerations from the aforementioned Eleventh Circuit decisions all weigh in favor of imposing sanctions. Carlock filed a six-page motion that cited no controlling authority, failed to respond to Plaintiffs' request for sanctions, and had the "notice and warning" from the *Hercules Steel* opinion. Accordingly, the Court in its discretion determines that an award of sanctions is appropriate in order to "protect arbitration as a remedy." *Hercules Steel*, 441 F.3d at 914.

### III. CONCLUSION

For the reasons stated above, Carlock's motion to vacate is due to be denied, and Plaintiffs' requests to confirm the arbitration award and for an award of sanctions against Carlock are due to be granted. Plaintiffs' counsel is directed to file an itemized statement, supported by affidavits, of only the work performed in defending against Carlock's motion to vacate. This statement shall be filed within fourteen (14) days from entry of this Opinion. Carlock thereafter shall have fourteen (14) days to file any objections, after which time the Court will determine the appropriate award of sanctions without further notice to the parties.

A separate Order will be entered contemporaneously herewith.

**DONE** and **ORDERED** on June 15, 2020.

                                                                      L. Scott Coogler
                                                      United States District Judge

199335